## No. 9081.

### JOHN D. WALSH VS. L. F. CARRENE.

Where the sum demanded is above the appealable amount, the fact that an intervention is for less than that amount, will not make the case less appealable. where the plaintiff's claim is rejected and he appeals.

A simulated sale and mortgage of lands can be attacked by creditors of the apparent vendor when proceedings are taken to foreclose the mortgage.

APPEAL from the Nineteenth District Court, Parish of Terrebonne. *Goode*, J.

*Tobias Gibson* for Plaintiff and Appellant.
*L. F. Suthon* for the Intervenors.

---

### ON MOTION TO DISMISS.

The opinion of the Court was delivered by

MANNING, J. Walsh instituted this suit upon a series of notes aggregating eleven hundred and eighteen dollars, secured by mortgage and

vendor's lien upon certain real estate, and praying for a judgment, recognition of mortgage, and sale of the property.

Flash, Preston & Co. intervened as judgment creditors of Carrene for $260 88, alleging that Walsh had no real claim against Carrene, but the notes and mortgage were a simulation and device to shield this property from the pursuit of creditors. The intervenor had judgment, and the plaintiff appealed.

The motion to dismiss is on the ground that "when the matter in dispute is the right to subject property worth more than the appealable sum to a judgment for less than that sum, the Supreme Court is without jurisdiction."

The matter in dispute is the right of the plaintiff to have a judgment for more than the appealable sum, and to execute it upon mortgage property of greater value than that sum.

Motion refused.

### On the Merits.

The intervenors' judgment was not only against Carrene, but John Foley as well, and was rendered in March, 1883. There had been a simulated sale from Carrene to Foley of a stock of goods the previous year, and this judgment of the intervenors had uncovered that transaction, and both were condemned solidarily to pay the Carrene debt. Foley in his turn had made a sale of lands and town lots to Carrene about the same time, and had put Carrene's notes in the possession of Walsh, who was the husband of Foley's niece, and who swears that he had them from one Douglas, a day laborer and brother of his wife. This suit is upon those notes. All the family swore lustily as to the verity of the transaction, but the lower judge did not believe them, nor do we. The whole affair was botched, and the intention of the parties to screen this property from creditors is transparent. Simulation is sometimes difficult of detection, but dunderheads are sure to furnish the means for unveiling their awkwardly concocted schemes.

Judgment affirmed.